# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

LISA SALLAJ )
    v. )     **Case No. 3:24-cv-01266**
                    )     **Richardson/Holmes**
STEINGER, GREEN & FEINER, LLP *et al.* )

### MEMORANDUM OPINION AND ORDER[1]

For the reasons set out below, (1) the motion to vacate and set aside the Clerk's entry of default (Docket No. 37) filed by Defendant Steinger, Greene & Feiner, LLP, is **GRANTED** and (2) Plaintiff's motion for default judgment (Docket Entry No. 33) is **DENIED**.

The Entry of Default against Defendant Steinger, Greene & Feiner, LLP, that is contained in the Order entered by the Clerk of Court on December 12, 2025 (Docket Entry No. 30), is **SET ASIDE and VACATED**. This Defendant shall answer or otherwise respond to the complaint by no later than **June 1, 2026**.

## I. BACKGROUND

Lisa Sallah ("Plaintiff) is currently a resident of Kansas. She previously lived in Tennessee, renting an apartment at the Summit Apartment Complex in Antioch, Tennessee during 2021 and 2022. After falling and injuring herself at the apartment complex in January and March 2022, Plaintiff retained the legal services of Nashville law firm Steinger, Greene & Feiner ("SG&F") to represent her for potential legal claims against the apartment complex. She also

---

[1] A motion to set aside a Clerk's entry of default – as opposed to granting or setting aside a default judgment – is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by report and recommendation under 28 U.S.C. § 636(b)(1)(B). *See Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collection of cases).

underwent treatment from several medical care providers, which she contends was recommended and/or required by SG&F.

Plaintiff alleges that, on October 5, 2022, SG&F terminated its representation agreement with her. She contends that she was unable to find replacement counsel and was forced to file her lawsuit against the apartment complex *pro se* because of the statute of limitations, filing a federal lawsuit in this Court on October 24, 2022. *See Sallaj v.The Summit Apartments*, 3:22-cv-00859. On June 2, 2023, the lawsuit was dismissed upon agreement of the parties after a settlement was reached, but Plaintiff asserts that she only received $5,000.00 in settlement of the case, far less than the $450,000.00 and payment of medical expenses that she contends SG&F promised her that she would receive for her case. Around this time, Plaintiff was also informed by some of the medical care providers that she was responsible for the costs of the medical services that SG&F had told her to use.

On August 21, 2023, Plaintiff, having now moved to Kansas, filed a *pro se* and *in forma pauperis* lawsuit in the United States District Court for the District of Kansas against SG&F, the three named partners in SG&F, and two other legal entities, asserting diversity jurisdiction and bringing claims of legal malpractice and breach of contract. *See Sallaj v. Michael A. Feiner, et al*, 23-CV-01172-EFM-BGS ("the Kansas Case"). The Kansas Case was dismissed without prejudice on January 22, 2024, for lack of personal jurisdiction over the defendants in Kansas. Plaintiff did not file an appeal from that decision.

Ten months later, Plaintiff filed the instant lawsuit *pro se* on October 23, 2024, against SG&F, attorneys Michael Feiner, Michael Steinger, Sean Greene, as well as several entities that

2

Plaintiff contends are associated with SG&F or the individual attorneys - Green & Feiner, LLP, Iscoe & Greene P.A., and Steinger, Iscoe & Greene, P.A.[2] *See* Complaint (Docket Entry No. 1).\

Asserting diversity jurisdiction, Plaintiff seeks damages based on claims of breach of contract, legal malpractice, and "tort negligence due to breach of contract." *Id*. at 18-29. By Order entered April 16, 2025, Plaintiff was granted *in forma pauperis* status, her lawsuit was permitted to move forward, and process was issued to Defendants. *See* Docket Entry No. 13. Over the next several months, service of process on Defendants was attempted by the U.S. Marshal Service. Plaintiff then filed two motions for entry of default against Defendants. By Order entered December 12, 2025, the Clerk of Court (1) granted the motions as to SG&F, finding that Plaintiff had provided proof that SG&F had been served with process on October 27, 2025, through its registered agent for service of process and (2) denied the motions as to all other Defendants. *See* Docket Entry No. 30.[3]

Plaintiff then filed the pending motion for default judgment as to SG&F on December 30, 2025. A few days later, SG&F filed the pending motion to vacate and set aside the entry of default. Plaintiff opposes the motion. *See* Response (Docket Entry No. 40). Also before the Court are SG&F's reply (Docket Entry No. 41) and Plaintiff's sur-reply (Docket Entry No. 46).

---

[2] All Defendants are alleged to reside in either Tennessee or Florida. *See* Complaint at 1-6; Docket Entry No. 12-1.)

[3] Plaintiff subsequently filed an amended motion for default against "all defendants." By Order entered March 19, 2026 (Docket Entry No. 43), the Clerk of Court denied the motion as moot with respect to SF&G and denied the motion as to all other Defendants, finding that Plaintiff had not presented new facts or information evidencing valid service of process upon them.

## II.  LEGAL STANDARDS

A motion to set aside the entry of default is governed by Federal Rule of Civil Procedure 55(c). That rule sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). *See also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (setting aside a final judgment requires a more demanding standard than setting aside an entry of default). The criteria used to determine whether good cause has been shown for purposes of granting a motion under Rule 55(c) are (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice the plaintiff, and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA*, 663 F.3d at 838-39 (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). "All three factors must be considered in ruling on a motion to set aside entry of default," *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986), and the decision of whether to set aside an entry of default is a matter that is within the discretion of the Court.[4]

A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party" and utilize a policy "of resolving cases on the merits instead of on the basis of procedural missteps." *$22,050.00 U.S. Currency*, 595 F.3d at 322. All ambiguous or disputed facts must be construed in the light most favorable to the defendant and any doubts resolved in the defendant's

---

[4] In her sur-reply, Plaintiff relies on the case of *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992) as support for her opposition to the motion and for the proposition that a limited balancing of the noted factors should occur. *See* Sur-Reply at 2-3. However, *Waifersong* involved a request to set aside the entry of default judgment, not to set aside the entry of default, and the case is therefore not on point.  Indeed, the Court in *Waifersong* specifically recognized that all three factors should be considered when a party seeks to set aside the **entry of** default.   976 F.2d at 292.

4

favor. *Dassault Systemes, SA*, 663 F.3d at 841. Further, "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845.

III.   ANALYSIS

After review of the parties' filings and upon consideration of the requisite factors, the Court finds that SG&F has sufficiently shown good cause to set aside the entry of default against it under Rule 55(c). Plaintiff's arguments against setting aside the entry of default are unpersuasive and do not warrant denial of the motion of SG&F.

## A. Willful Conduct

For a defendant's actions to reach the level of willfulness, the "defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 194. Furthermore, "it is not absolutely necessary that the neglect or oversight offered as a reason for the delay in filing a responsive pleading be excusable." *Id*.

SG&F was served with process through its registered agent for service of process on or about October 27, 2025, and Plaintiff filed a return of service on November 7, 2025. *See* Docket Entry No. 26. In explaining why it did not respond to the lawsuit, SG&F asserts that:

> given the myriad named defendants and the previously dismissed federal litigation in Kanas, Defendant was confused by the strange posture of this matter,

*see* Memorandum at 5, and,

5

the reason a responsive pleading was not filed is that Defendant was served late in time, and among several other improper named parties. Defendant's registered agent was served on October 27, 2025, and after receiving notice of the suit, Defendant had to coordinate its defense for this lawsuit through its insurance company.

*Id*. at 5.

Plaintiff argues that SG&F clearly had early notice of the lawsuit and was actually served in late October. She contends that, as a sophisticated law firm, SG&F's failure to respond should not be excused because it shows a reckless disregard for the judicial proceedings and suggests a "strategic decision to ignore the deadlines rather than mere inadvertence." *See* Plaintiff's Response at 2.

The Court is not particularly convinced by SG&F's explanation that there was a "strange posture" of this case that caused confusion about the need for it to respond. Nonetheless, it has explained that it needed to coordinate with its insurance company regarding its defense. Further, the delay at issue is relatively short, and SG&F has promptly acted to request that the entry of default be vacated and it be permitted to respond. Plaintiff's arguments are not sufficient to support a conclusion that SG&F acted willfully in failing to respond. In the end, the Court finds that SG&F's tardiness in responding was careless and falls into the category of excusable neglect, but it does not reflect an intent to thwart the proceedings or a reckless disregarded of the proceedings. Thus, this factor weighs in favor of setting aside the entry of default.

**B. Prejudice to Plaintiff**

"Delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal citation omitted). Nor does increased litigation cost generally support a finding of prejudice. *$22,050.00 U.S. Currency*, 595

F.3d at 325 ("[I]t does not make intuitive sense that simply claiming an increase in litigation cost should be sufficient to establish prejudice. Setting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case."). Instead, "it must be shown that delay will result in loss of evidence, create increased difficulties in discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp., Inc.*, 815 F.2d at 398 (internal quotation marks omitted).

Although Plaintiff argues that setting aside the default "would result in significant prejudice" to her, *see* Plaintiff's Response at 4, she has not made a persuasive argument that she will suffer any of the types of necessary prejudice if the Court sets aside the entry of default and permits a delayed response by SG&F. While Plaintiff argues that the delay "threaten[s] the availability of evidence and [her] ability to prove her case," she fails to show that any actual evidence was lost during the short time that SG&F was not participating in this case or that she will have any increased difficulties in obtaining discovery because of this short delay. Nor is there any basis upon which to find that setting aside the default would likely provide greater opportunity for fraud or collusion. The prejudice arguments set out by Plaintiff in her Sur-Reply likewise fail to support denying the request to set aside the entry of default. This factor weighs in favor of setting aside the entry of default.

## C. Meritorious Defense

SG&F raises two defense to the lawsuit; a statute of limitations defense and a defense that it committed no legal wrongdoing. The Sixth Circuit has made clear that a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 U.S. Currency,* 595 F.3d at 326 (quoting *Burrell v.*

*Henderson,* 434 F.3d 826, 834 (6th Cir. 2006)). A defense is meritorious if it is "good at law," regardless of whether the defense is "actually likely to succeed on the merits." *Id.* (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)).

Plaintiff attacks each defense as lacking merit, pointing out what she believes are deficiencies in the defenses and why they will not succeed. *See* Plaintiff's Response at 2-4; Plaintiff's Sur-reply at 4. However, the Sixth Circuit has explicitly recognized that:

> meritorious defenses in the context of setting aside default do not require that a defense be supported by detailed factual allegations to be deemed meritorious. Instead, all that is needed is a hint of a suggestion, which, proven at trial would constitute a complete defense.

*Id.* (quoting *INVST Fin. Grp., Inc.*, 815 F.2d at 399) (internal quotations omitted). Here, the Court finds that SG&F has raised at least a "hint of a suggestion" of a meritorious defense by the defenses that it presents and thus has raised plausible defenses. Plaintiff's arguments against these defenses goes toward the ultimate merits of the defenses not toward whether they are sufficient for the purposes of setting aside the entry of default. Thus, this factor weighs in favor of setting aside the default.

## IV.   CONCLUSION

For all these reasons, the Court finds that Defendant SG&F has shown good cause to set aside the entry of default and to permit it to defend against the case and SG&F's motion (Docket No. 37) is therefore **GRANTED**. Given that the entry of default is being set aside, Plaintiff's motion for default judgment against SG&G (Docket No. 33) is **MOOT** and is **DENIED** for that reason.

It is **SO ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge

8